IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SARKUI WALLACE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>ALLIANCE COMMERCIAL CLEANING, )<br>INC., SERVICE MASTERS CLEANING/ )<br>JEFF LEVIN, BPG SPORTS, )<br>BUCCINI/POLLIN GROUP, )<br>and CHASE FIELDHOUSE, )<br>)<br>  Defendants. ) | Civil Action No. 24-313-JLH |

**REPORT AND RECOMMENDATION**

Plaintiff Sarkui Wallace ("Plaintiff") filed this civil action against Alliance Commercial Cleaning, Inc., Service Masters Cleaning/Jeff Levin, BPG Sports, Buccini/Pollin Group and Chase Fieldhouse. (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the claims in the Complaint be dismissed for want of subject matter jurisdiction.

**I.   BACKGROUND**

In his Complaint, Plaintiff identifies himself as a Wilmington, Delaware resident. (D.I. 2 at 2, 8) He alleges that in the relevant time period he worked as a custodial staff employee at Defendant Chase Fieldhouse, an arena and sports complex also located in Wilmington. (*Id*. at 4-5) Plaintiff asserts that Defendants Service Masters Cleaning[1] and its Chief Operating Officer

---

[1] Plaintiff spells the name of this Defendant differently at times in the Complaint; here the Court utilizes the spelling that Plaintiff used most frequently. (*See generally* D.I. 2)

(or "COO") Jeff Levin, who were partners with Defendant Alliance Commercial Cleaning, "manipulated" Plaintiff by "making [Plaintiff] believe they were aware of [his] complaints and concerns" about problems at the arena. (*Id.* at 5)  At some point in 2023, Mr. Levin is alleged to have fired Plaintiff "because of an accusation of [Plaintiff] being insubordinate" that was made by Plaintiff's supervisor, whose first name is January. (*Id.* at 4-5)  The Complaint indicates that this claim of insubordination resulted from a prior verbal disagreement between Plaintiff and January—in which January gave Plaintiff various orders (e.g., to come down from a ladder, or to clean ketchup off of the arena floor, or to sweep the arena), and then later "got irritable as if she didn't like what" Plaintiff said in response to those orders. (*Id.*)

Plaintiff additionally asserts that Defendant BPG Sports' "Maintenance/Utility Dep[artment] workers" neglected their work environment, their tools, and needed plumbing repairs at the arena, all of which "add[ed] to [Plaintiff's] work[l]oad[.]" (*Id.* at 4)  And he states that BPG Sports' staff "embarrassed" him by "ushering [him] out of the building when [he] was trying to ask about [his] employment status." (*Id.* at 6)

Plaintiff claims that his loss of employment caused him financial and emotional harm, which he seeks to redress through this lawsuit. (*Id.* at 7)

II.     **STANDARD OF REVIEW**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citations omitted), *abrogated on other grounds*, *Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual

allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario."  *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.    DISCUSSION

The Court recommends that the instant Complaint be dismissed for lack of subject matter jurisdiction. The Complaint does not allege federal question jurisdiction, and instead purports to be premised on diversity jurisdiction. (D.I. 2 at 3) "Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires the existence of *complete* diversity between the parties—that is, no plaintiff can be a citizen of the same state as any of the defendants." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 579 (3d Cir. 2007) (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)) (internal quotation marks and citations omitted, emphasis in original). However, of the Defendants listed in the Complaint, Defendants BPG Sports, Buccini/Pollin Group and Chase Fieldhouse are alleged to be Delaware-based entities. (D.I. 2 at 2-3)

Because the prerequisites for diversity jurisdiction have not been met and there is no federal question jurisdiction, this Court does not have subject matter jurisdiction over this case. Therefore, the Court thus recommends that the matter be dismissed. *See, e.g., Kilgoe v. Westlake*

*Fin.*, Civil Action No. 22-667-RGA, 2022 WL 17669173, at *2 (D. Del. Dec. 14, 2022); *Wagner v. Lowe's Home Improvement*, C.A. No. 22-564-GBW, 2022 WL 14760417, at *2 (D. Del. Oct. 21, 2022); *Drummond v. Junaidi*, Civ. No. 20-424-CFC, 2020 WL 7489046, at *2 (D. Del. Dec. 21, 2020).[2]

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that the claims in the Complaint be dismissed for want of subject matter jurisdiction, without prejudice to the claims being filed in a court of competent jurisdiction. *See Davis v. Janssen Pharms., Inc.*, Civil Action No. 17-1291-RGA, 2017 WL 6029585, at *2 (D. Del. Dec. 5, 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

---

[2] For diversity jurisdiction to exist, the amount in controversy must exceed $75,000; here, however, Plaintiff alleges that the amount in controversy is only $70,000. (D.I. 2 at 7) This would be an independent basis for dismissal due to lack of subject matter jurisdiction. *See Bryant v. CD Baby.com*, Civ. No. 24-179-CFC, 2025 WL 591447, at *2 (D. Del. Feb. 24, 2025).

5

Dated:  March 27, 2025

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE